**Cary Lee BAILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–92–012–CR.**

Court of Appeals of Texas,
Fort Worth.

March 3, 1993.

Rehearing Overruled March 31, 1993.

Discretionary Review Refused
June 9, 1993.

Richard Alley, Fort Worth, for appellant.

Richard L. Hattox, Dist. Atty., Granbury, for appellee.

Before HILL, C.J., and FARRIS and HICKS, JJ.

OPINION

FARRIS, Justice.

Cary Lee Bailey appeals his conviction of aggravated assault with a deadly weapon complaining the evidence was insufficient to prove the instrument he used in the assault was a deadly weapon. We overrule his point of error because the evidence was sufficient to show the instrument he used was adapted for the purpose of inflicting serious bodily injury. *See* TEX.PENAL CODE ANN. § 1.07(a)(11)(A) (Vernon 1974).[1]

---

1. Bailey was indicted under subsection (B) of

§ 1.07(a)(11). However, the court's charge sub-

We affirm.

Bailey adapted the instrument used in the assault by placing an iron collar in a sock. The collar was intended by its manufacturer to secure weights to a bar as a part of a weight lifting set. Bailey assaulted his victim, Phillips, by swinging the weighted sock, as though it were a mace. According to Phillips, Bailey swung at him with the weighted sock four times striking him once in the back of the head. The doctor who examined Phillips and sutured his wound testified the collar was of sufficient weight to cause death or serious bodily injury to one who was struck by it.

Although both the collar and the sock were each manifestly designed for some purpose other than as a deadly weapon, in this instance Bailey combined the two and adapted them for only one purpose, use as a deadly weapon. *See Berry v. State*, 833 S.W.2d 332, 334 (Tex.App.—Waco 1992, no pet.). Consequently no other proof of a deadly weapon was required. *See Thomas v. State*, 821 S.W.2d 616, 620 (Tex.Crim. App.1991).

The judgment is affirmed.

mitted both subsections (A) and (B), and Bailey did not object. *See Berry v. State*, 833 S.W.2d  332, 333 (Tex.App.—Waco 1992, no pet.).